May it please the Court, my name is Colin Feynman, I represent Appellant Joel Battershell. I'd like to reserve two minutes for rebuttal. Your Honors, this case invites, and in fact demands, a straightforward application of Fourth Amendment rules that have previously been set out by this Court. It comes down to whether there is particularized information, particularized facts that are sufficient to make up probable cause, and a basis of knowledge on the part of the affiant for making some conclusions in the affidavit. So you'd like us to return to the heady days of Spinelli and Aguilar in our evaluation of probable cause here? What do we do with Gates v. Illinois? Well, Your Honor, first of all, Gates v. Illinois has said that those factors are still important in weighing the totality of the circumstance. But this is not an Aguilar-Spinelli case, because what Gates said was that sufficient information must be presented to the magistrate to make a searching determination of what is probable cause, and not rely on the bare conclusions of others. What's wrong with having four different people, two citizens and two police officers, who have all looked at the pictures and the description that was given to the magistrate of kids having sex, and in one of the pictures the child being 8 to 10 years of age? Why can't the magistrate judge consider the totality of that information in concluding that there's a fair probability that there's child pornography on the computer? Because repetitive, bare legal conclusions still add up to nothing more than a bare legal conclusion. But what more do you need? Well, you've got the fact that there are children displayed. You've got two non-law enforcement officer witnesses, citizen witnesses, who clearly were given permission to access the computer, verified by two police officers who look at the same images and say, yeah, they're kids having sex. Well, only one officer actually ever said that, and said it was simply, it appeared to be a young female having sexual intercourse. There was only one officer who ever did that. And he described one of the children involved in the two pictures that he saw as being 8 to 10 years of age. One that even the government has conceded does not make out child pornography. But then he refers to another young female, which I think fairly read can be implied to mean another young child. So in the totality of the circumstances, counsel, what more does the Fourth Amendment require? We're not proving proof beyond a reasonable doubt here. All we're concerned about is whether there's a fair probability that evidence relating to child pornography will be found on that computer. Absolutely, Your Honor. But it's a question of what this Court has previously required. And I'm not just referring to Smith. I'm not saying it's presidential authority, but the Judges Schroeder and Reinhart addressed exactly the same language, almost identically, with police officers in a case called Harnett, 1999, Westlaw 362397. That case involved juveniles engaged in explicit sexual acts with adults. What the Court found there was that absent any descriptive detail, and let me back up. There's a presumption that I believe Smith creates, and certainly the First Circuit recognized in reading this Court's authority, that if the pictures are readily available, and there's no doubt they were because the officer took screenshots for the very purpose of having those pictures available, the presumption is that they should be attached for the magistrate to make an independent review. But does it invalidate the warrant if they don't? Not if there is sufficient descriptive detail and corroboration to compensate for the lack of the pictures themselves. So now we get back to the question I asked you before, Mr. Hyman. What more is required if the description is kids having sex, one of the kids is described as 8 to 10 years of age, the complainants who reported the pictures to police explain that the kids were having sex, and the officer says sex with a child with an adult. The problem is, Your Honor, there is no descriptive detail in anything that you just recited. But what more do you need? Well, first of all, what is... It's illegal to possess pictures of children having sex with adults. It is if they're children. But what has typically, for example, in other cases cited in my brief, I think the Hill opinion, which Judge Kaczynski reviewed, Smith itself, the conclusion on his face will be sufficient if detailed and sufficiently presented to the magistrate. The problem is there's nothing to back up the conclusion. For example, the Tanner Scope, which is a basis of determining age, a statement of experience. Even in Lee Smith, we had a post-looks inspector. Mr. Hyman, you're trying your case in the context of an attack on the probable cause for the warrant. I would agree with you that if we were reviewing a conviction here, in the absence of that evidence, you would have a very good argument that the evidence was insufficient to convict. The question is, under Illinois v. Gates, can a magistrate look at the information contained in the affidavit and conclude that there's a fair probability that pictures, illegal pictures of children engaged in sex with adults is on the computer? And you still haven't answered my question. What more did the magistrate need to see in this affidavit in order to reach that common-sense conclusion? Well, let me return to Smith and Harnett, Your Honor, because, again, it's not my answer to the question. It's what the court has previously laid out. Well, tell me what cases are the best ones that support your position that this information is not sufficient. Smith, Burnett, and the Harnett case, which I just cited. Let me just go through the facts there in the court's statements, and it may or may not dissuade this panel, but this is what the court has previously laid out. In Smith, the court indicated that the bare legal description of minors engaged in sexual activity would be insufficient, but for the fact there was additional descriptive detail and corroboration. That included a statement of the affiant's relevant experience in determining the age of somebody depicted in the picture, corroboration by a pediatrician who looked at the picture and also agreed with the age estimate, again, not just stating the age as a conclusion, but stating the reasons. Counsel, in Smith, are you saying that that was what they did or that was what they had to do in order to prove probable cause? That's what they did, which the court approved. Which the court approved. Sure. And said, but for this additional information. But for a pediatrician verifying the ages, we don't have probable cause? What the court said was but for sufficient descriptive detail and corroboration that would compensate for the lack of the pictures where the magistrate could look for him. And it's clear in that case that you had sufficient corroboration. Right. Same thing in Harnett, okay, which I cited earlier. Again, not as present because it's unpublished, but the analysis is right on point, at least in terms of how two other judges analyzed this issue. So you're citing an unpublished decision to us for precedential authority? No, I'm not, Your Honor. I'm saying that that analysis is applicable if you find the facts are similar. Not as binding precedent. It can't be. But the problem is that if the court rules against our position on this with the Smith decision and a conflict based on Smith on how to apply them to these facts, it would at least be grounds for applying for en banc. And I'm thinking, and what I want to say, there's a track record of authority from Smith all the way through up to Brunette and Ciphers, which appeared in my supplemental authority letter, which is saying that if true, obviously it's true, if the statement is correct that there were juveniles, young female having sex with an adult, that is more than sufficient to establish probable cause. There's no question about that. The problem is why can't I reach that conclusion from reading that affidavit? Because the affidavit is itself but a conclusion. It has no factual elements or any basis of knowledge set forth. It recites the fact, does it not, that one of the children was 8 to 10 years of age and then with regard to the child in the next picture that it was another young female. Why can't the magistrate conclude in linking those two facts that that second picture also deals with a minor? But it permitted access to the computer. Let me rephrase it then. But for the fact that that statement appears, is there anything before this panel, which shows that it was in fact an 8 to 10-year-old. What the court is relying on is the same thing that the magistrate had to rely on, which is the bare conclusion of what Officer Lobdell saw. Common sense inference from the description. Granted, it may not have been written by a lawyer. It was written by a police detective. But why can't, under Illinois v. Gates, the judge look at that and conclude what a common sense conclusion would lead to, which is we're talking about two children. Because it's not the magistrate's conclusion, Your Honor. It's the Officer Lobdell's and possibly the sister's. Let me point the court to another case, Supreme Court case, New York v. P.J. Video, which is 475 U.S. 873. Wait a minute. How do we know it's not the magistrate's conclusion? He's listened to the credibility of witnesses that have filed affidavits, right? Is he going to disbelieve them like you do? It's not a question of disbelief, Your Honor. There are no facts before the magistrate to support the witness's conclusion. He believes them, right? Well, certainly, apparently, because he signed the affidavit. He takes it on the face of the affidavit and says this is sufficient. But this Supreme Court says he can't do that. Counsel, if we, in the Smith, I'm looking at your description of Smith in your brief. It appears to be some question there as to whether those girls, because they're described as juvenile girls, that they were teenage girls, and so there's some question as to whether they were actually under 18. Well, in Brunette, it was prepubescent. So, again, we've got a kid here who's 8 to 12 in one. And then the more important photograph, we've said another young girl. We've used the word another to describe one after we've already said this kid appears to be 8 to 10 years old, and surely we don't have to have a pediatrician here to tell us that this is a child if the little girl is 8 to 10 years old. Absolutely you would, or some basis of the, at least in the affidavit, for example, in Smith having an experienced postal inspector who has been trained in the Tanner scale, has worked on a certain number of cases. The problem is, Your Honor, you could have any number of photographs in which the affiant is stating, you know, it's my conclusion that these young females are all under the age of 18 or whatever age. The problem is that is a conclusion. It's not a description. It's not saying that, you know, based on XYZ development and based on this corroboration and based on my experience, which would substitute for the photographs. Counsel, if we were close to the age of 18, there might be some marginal question, but surely as people we can rely on our common sense to determine when we have a child between the ages of 8 and 10. That's very different from a young woman who's approaching, who's 18. Well, first of all, the second photograph, which even the trial court said is really only the one at issue, only said a young female. And I understand you're looking at another and contextualizing. The problem, again, is, though, that this court has said in Smith, and, again, Brunette has now created a bright line rule, which is very easy to apply. This is not a case where they didn't have a vote. Okay, but Brunette is a First Circuit opinion. Absolutely right. I'm just saying that they built on this course prior sorting. I think it's persuasive in many respects. This is not a case where the information that would have supplemented the affidavit was unavailable. They had the pictures. But regardless of whether or not they could have done a better job, your attack really, as I understand it, is that we must declare as a matter of law that there was not a substantial basis to permit the magistrate to conclude that there was probable cause. Correct. Absent either the pictures themselves or at least a sufficiently detailed description of the content of the pictures, not the officer's conclusion. I think we understand your argument. Thank you. Thank you. McKay? Good morning, and may it please the Court. I'm John McKay, United States Attorney in the Western District of Washington for the government. And we request that the Court affirm the District Court's order agreeing that the application for a search warrant established probable cause. Let me just quickly go to Mr. Fineman's argument with regard to the three cases that he cites as calling upon the circuit-established law. He indicates United States v. Smith, United States v. Brunette, a First Circuit case, and then an unpublished decision called United States v. Harnett of this Court would compel this conclusion. I think the government's position, I don't think, the government's position is that they actually compel the opposite result. U.S. v. Smith, of course, stands for the proposition that a substantial basis for probable cause needs to exist, and as the Court in its questions has pointed out, that is a fair probability that the evidence exists, not the establishment of those facts. Secondly, Brunette is a good-faith case, in essence, by the First Circuit, and its description, its requirements as to the description of the images relates to a different element of 18 U.S.C. 2252, and that is the lasciviousness aspect of an image, not the other element which allows for specific, explicit description. Your position is that where the officer said the second picture showed another young female having sexual intercourse with an adult male, that is sufficient to establish prohibited photographs. Precisely, Your Honor. The words sexual intercourse are sufficient under that particular element, the age being a different issue. But his citation to Brunette is incorrect. Let me try to understand this, Mr. McKay. So the first photo in which the officer said one showed a young female, 8 to 10 years of age, naked in a bathtub, had the government relied on that picture alone, there would have had to have been more to establish that that picture was lascivious. I think that's correct, Your Honor. And of course Merely a picture of a naked child in a bathtub. Correct. We're going to have to start arresting half the people of Seattle. I think that's right, Your Honor, and it's not the government's position of that alone. However, as the Court has pointed out in its question, that photograph and the description of the age of that minor, which is a young female, 8 to 10 years old, is followed about eight words later by the words, another young female having sexual intercourse with an adult. And I think at that point there's just not much for the Court to do because it's clear that the warrant was issued on a probable cause basis under Illinois v. Gates. And so I think the citation to the unpublished opinion, I just want to cover that as the third point raised by Mr. Feynman. I've looked at that unpublished decision. There are, as I can read the facts of the opinion, no explicit acts involved in that particular case that anywhere come close to sexual intercourse as alleged in the search warrant application. And so I think it just clearly doesn't apply on its facts. The decision states they did not state that the images depicted any physical contact. Well, we don't have to get to that question of lasciviousness because sexual intercourse was the allegation of one of the three contacts. The Court then had, the Court below, had the record before it of the civilian witnesses talking about kids having sex, a photograph of an eight- to 10-year-old minor with a third photograph saying another young female having intercourse. Does that satisfy the Fourth Amendment? And I believe, and the government believes that it clearly does. Under the totality of the circumstances, the warrant application was sufficient. Unless there are any further questions, I will conclude. I think not. Thank you, Mr. McKay. Mr. Feynman, we'll give you a minute, even though you used up your time, if you want. No, Your Honor. It's just I think what it comes down to is our temptation in child pornography cases to see the conclusion as justifying the search because we all have a visceral reaction to these type of cases. Well, what about the distinction that we were exploring with Mr. McKay with regard to photographs that may be lascivious versus photographs of clear descriptions of sexual intercourse? It's something that I addressed as something, as a misstatement or red herring in this case because I'm not attacking the issue of whether engaged in sexual intercourse is sufficient. The element is the age. There is a difference. I'm reacting to your statement. There's a difference in terms of what the pictures depict as to whether or not they may violate the statute. And if I understand the government's position, it is that where the description involves sexual activity, intercourse between children and adults, that is clearly prohibited by the statute, whereas if we're dealing with a photograph involving a lascivious display of a naked girl in a bathtub, that may or may not be a violation of the statute depending on how the child is posed. Absolutely. Just two quick points because my time is up. The Cyphers case in the First Circuit basically said that distinction was not meaningful because the age can be as hard to determine by an untrained eye. Eight to ten years? I need a doctor to overcome two women, two adult women, who have told the police they're kids now? That's a nice question, but that's the issue. The first photograph, whether it's lascivious, and then there's a second issue on the core photograph, the second one as to age. So they're in a sense bundled. If we're really looking at the second photograph, which I think is key, it has to do with minority rather than having anything to do with the acts. Cyphers said that distinction isn't meaningful. Harnett was a case where the exact language at issue was juveniles against an explicit sexual act. The question is- Anyone under 18, right? The same as with young females. In fact, young females more ambiguous because there are plenty of 18-year-olds who may look younger but are not. So the key question is really the second photograph and the question of determining age and who should do that, the conclusion of an untrained officer or simply a magistrate when the photographs are available or at least there's ample opportunity to provide the corroboration or descriptive detail that would have made the warrant sufficient under Smith and this other authority. Counsel, in the case, did we figure out how old the kids actually were in the second photograph? I don't know that that was ever determined on the record. I'm not sure that photograph ever made it into the record or was a basis of the charges. So, I mean, again, we're left with the bare conclusion of the untrained officer, once again, absent a sufficient record to know what's really going on with it. Okay. Thank you. Thank you, Your Honor. The case just argued is submitted.
judges: Beezer, Tallman, Bybee